**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESIDENTIAL FUNDING CORP. AND HOMECOMINGS FINANCIAL NETWORK, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT B. RAVENSCROFT, JR.; DEBI RAVENSCROFT; THE RAVENSCROFT FAMILY TRUST; DALE SCOTT HEINEMAN AND KURT F. JOHNSON, <br><br> Defendants. | No. C 05-03800 WHA <br><br> **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

**INTRODUCTION**

In this diversity action alleging real-estate fraud, plaintiffs Residential Funding Corp. and Homecomings Financial Network, Inc. move for entry of default judgment against defendants Ravenscroft Family Trust, Dale Scott Heineman and Kurt F. Johnson. Review of the *Eitel* factors favors entry of default judgment. Plaintiffs' motion is **GRANTED**.

**STATEMENT**

Plaintiffs filed this action September 21, 2005, seeking legal and equitable relief for an allegedly fraudulent transfer of real-estate as part of a mortgage-elimination scam. Plaintiffs asserted violations of (1) California Civil Code Section 3439.07, barring fraudulent transfers, (2) the RICO conspiracy statute and (3) the California unfair competition act. They also sought a declaration that certain of defendants' documents were unlawful and void (Compl. ¶¶ 43–73).

Defendants Dale Scott Heineman and Kurt F. Johnson repeatedly have marked documents served upon them with the words "acceptance denied for cause without dishonor" (Smetana Decl. ¶ 8). Although served with the complaint and numerous other documents, including the instant motion, defendants Heineman, Johnson and the Ravenscroft Family Trust have not otherwise responded to this action. On October 27, 2005, the Clerk entered default against them.

At the first hearing on this motion, the Court asked plaintiffs to brief three issues: (1) whether entry of judgment would be proper, given that defendants Heineman and Johnson were facing mental competency hearings in a criminal case pending against them; (2) whether the Court could issue the portions of the requested judgment that amounted to an affirmative injunction against a county recorder who is not party to this action, (3) whether the requested adjudication that defendants Heineman and Johnson engaged in "mail fraud and wire fraud" were proper given the parallel criminal proceedings and (4) whether this action could proceed despite the fact that defendants Heineman and Johnson were incarcerated pending their criminal trial.

Since then, Heineman and Johnson were found competent in the criminal case. *United States v. Heineman*, No. CR 05-611 WHA (N.D. Cal. finding made May 11, 2006). Plaintiffs have withdrawn the requests for injunctive relief against the county recorder and for an adjudcation regarding wire and mail fraud (Supplemental Mem. of P. & A. 11).

**ANALYSIS**

A party can apply to the court for entry of judgment by default. FRCP 55(b)(2). Whether to grant a motion for default judgment is within the court's discretion. In the Ninth Circuit, a court must consider the following factors in exercising this discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). For the reasons that follow, these factors favor entry of default judgment in this case.

2

1.   **MERITS OF SUBSTANTIVE CLAIMS AND SUFFICIENCY OF THE COMPLAINT.**

After entry of default, the well-pleaded allegations in the complaint regarding liability are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The merits of plaintiffs' substantive claims and the sufficiency of the complaint are thus considered in tandem. This order finds that these *Eitel* factors weigh in favor of entry of default judgment.

Plaintiffs allege that defendants violated California Civil Code Section 3439.04 by making a fraudulent transfer in order to avoid paying a debt (Compl. ¶¶ 43–48). *See* Cal. Civ. Code § 3439.04(a), (a)(1). They claim that defendants, in a scheme led by defendants Heineman and Johnson, recorded bogus quitclaim and grant deeds by which it was made to appear that a piece of real property had been transferred to defendant The Ravenscroft Family Trust. This allegedly fraudulent transfer purportedly made it more difficult for plaintiffs to protect their security interest in the property. The allegations regarding Section 3439.04 are well pleaded and therefore are taken as true.

Plaintiffs also seek a declaration that defendant Heineman was not authorized to act as an agent or an attorney-in-fact for plaintiff Homecomings Financial Network, Inc., that defendants did not have the authority to execute and record certain documents, and that those documents are void (Compl. ¶¶ 49–52). To bring an action for declaratory relief, the plaintiff must allege that there is an actual controversy within the court's jurisdiction. The allegations seeking declaratory relief are well-pleaded and therefore are taken as true.

Plaintiffs also allege that defendants violated the Racketeer Influenced and Corrupt Organizations statute by engaging in an interstate scheme to defraud by recording bogus real-estate deeds and attempting to borrow money against their purported ownership of real property (Compl. ¶¶ 53–66). To make out a claim under that statute, the plaintiff must claim that the defendant used "income derived . . . from a pattern of racketeering activity" to acquire an interest in, establish or operate an interstate business. 18 U.S.C. 1962(a). The allegations seeking relief under the RICO statute are well-pleaded and therefore are taken as true.

3

Plaintiffs also allege that the activities defendants engaged in violated California's unfair competition law. *See* Cal. Bus. & Prof. Code §§ 17200–17209. Plaintiffs have properly pleaded a fraudulent scheme under the unfair competition law. These allegations therefore are taken as true.

Given that plaintiffs' properly pleaded their allegations against defendants Heineman, Johnson and the Ravenscroft Family Trust, the second and third *Eitel* factors favor entry of default judgment against those defendants.

### 2. THE REMAINING *EITEL* FACTORS.

This order finds that the remaining *Eitel* factors likewise favor entry of default judgment. To deny plaintiffs' application would leave them without a remedy. Moreover, defendants Heineman, Johnson and the Ravenscroft Family Trust have refused to litigate this action here after being properly served with the complaint and summons. Given Heineman and Johnson's responses refusing to accept court documents in this action, it seems unlikely that their default was the result of excusable neglect. There is no evidence of any dispute as to liability or damages. Although federal policy may favor a decision on the merits, FRCP 55(b) permits entry of default judgment in situations, such as this, where respondents refuse to litigate.

### 3. ENTRY OF DEFAULT JUDGMENT WHILE DEFENDANTS ARE INCARCERATED.

Plaintiffs have cited *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156 (9th Cir. 2003), for the proposition that default judgment may be entered against a prisoner without violating his due-process rights. In *Simmons*, a prisoner brought a 42 U.S.C. 1983 action against a sheriff, a court, court personnel and a private attorney, alleging that they had violated his rights under color of state law by not allowing him to attend court to prosecute, pro se, a civil action he had filed. The Ninth Circuit held that the court and its personnel had immunity, that the lawyer was not a state actor and that the sheriff did not violate plaintiff's rights because there was no evidence that he failed to take the prisoner to court as punishment. *Id.* 1159–61.

*Simmons* is not on point. Instead of examining whether it was error for a court to enter default against a pretrial detainee, it examined the merits of a separate lawsuit, a Section 1983

4

1 action. That collateral action was adjudged by very different standards than would an appeal of
2 entry of default judgment.

3 There are, however, decisions holding that a defendant's mere presence in a detention
4 facility was not enough to set aside entry of default judgment. *See United States v. Knox*, 79 F.
5 Supp. 714, 714 (E.D. Tenn. 1948); *United States v. Lawrence*, No. 03-2380, 90 Fed. Appx. 954,
6 955, 2004 WL 232078 at 1 (7th Cir. 2004) (unpublished).

7 This order concludes that the mere presence of defendants Heineman and Johnson in
8 federal custody is not enough, by itself, to show that they may not be held responsible for their
9 failure to respond appropriately to the complaint. Indeed, they *have* responded several times,
10 each time rejecting documents served by plaintiffs. Due to their pro se status in their criminal
11 action, they have access to computers and printing equipment. They have been able to file
12 documents in their criminal action. They had a full and fair opportunity to respond to all
13 proceedings in the instant civil case, including the instant motion. The Court sees no reason
14 why they should not be held responsible for their failure to appear in this civil action.

15 **4.    RELIEF GRANTED.**

16 Plaintiffs do not seek monetary damages. Instead, they seek:

17 1.    An order that the following documents, all executed as part of the allegedly
18       fraudulent scheme, be adjudged *void ab initio* and of no effect: a quitclaim deed,
19       a grant deed, "Substitution of Trustee," "Full Reconveyance, "Notices of
20       Rescission of Declaration of Default and Demand for Sale of Notice of Breach
21       and Election to Cause Sale" (two documents);

22 2.    A declaration that defendants are liable to plaintiffs for any fees and costs
23       necessary to record this judgment; and

24 3.    A declaration that neither defendant Heineman nor defendant Johnson have ever
25       had authority to act on behalf of plaintiffs, including to record the documents in
26       No. 1, above, on behalf of plaintiffs.

27 Items No. 1 and 3 are proper relief for the violations alleged in the complaint. That
28 relief therefore is **GRANTED**. Plaintiffs, however, have not supported their request to hold

5

defendants liable for costs and fees necessary to record this judgment. That relief therefore is **DENIED**.

## CONCLUSION

For the reasons stated, the motion for default judgment is **GRANTED**. The relief is granted and denied as described above and in the accompanying default judgment. A stipulated judgment is entered against defendants Robert B. Ravenscroft, Jr., and Debi Ravenscroft. concurrently with this order. Plaintiffs are **ORDERED TO SERVE** this order and the accompanying judgment on defendants Heineman, Johnson and the Ravenscroft Family Trust.

**IT IS SO ORDERED.**

Dated: May 25, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE